IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN GARNETT, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-2009-LPS |
| | : Justice of the Peace Court of the State of |
| UNITED STATES OF AMERICA, | : Delaware in and for New Castle County |
| | : C.A. No. JP13-17-015538 |
| Defendant. | : |

Robin Garnett, Newark, Delaware, Pro Se Plaintiff.

David C. Weiss, United States Attorney, and Dylan J. Steinberg, Assistant United States Attorney, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

September 13, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

I. INTRODUCTION

Plaintiff Robin Garnett ("Plaintiff"), who proceeds *pro se*, filed this motor vehicle accident action in the Justice of the Peace Court of the State of Delaware in and for New Castle County. The matter was removed on December 18, 2018. (D.I. 1)1 Presently before the Court is Defendant's motion to dismiss. (D.I. 4) Plaintiff did not file a response to the motion.

II. BACKGROUND

The Complaint alleges that Joseph Howard Hall ("Hall"), an employee of the United States Postal Service, was negligent in the operation of a motor vehicle on December 5, 2017, and that Hall's negligence caused damage to Plaintiff's vehicle. (D.I. 1-1 at 3) After the matter was removed from State Court, this Court granted a motion to substitute the United States ("Defendant") as a defendant in place of Hall. (*See* D.I. 3, 5) Attached to the motion to substitute is the certification of United States Attorney David C. Weiss ("Weiss"), stating that Hall was acting within the scope of his employment as an employee of the United States Postal Service at the time of conduct alleged in the Complaint. (D.I. 3 at 1; D.I. 3-1 at 2) Thereafter, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. (*See* D.I. 5) The motion is unopposed.

III. LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele*, 757

---

1 The Court has jurisdiction by reason of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*

1

F.3d 347, 357-58 (3d Cir. 2014). "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* at 358 (quoting *In re Schering Plough Corp. v. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Defendant's motion presents a factual attack upon subject matter jurisdiction, as it argues that this Court lacks jurisdiction over the claims due to Plaintiff's failure to exhaust administrative remedies. In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. *Id.* at 891. In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. *Id.*

## IV. DISCUSSION

Defendant moves for dismissal of the Complaint on the grounds that Plaintiff failed to exhaust her administrative remedies, as such exhaustion is a requirement of the FTCA. (*See* D.I. 4) Defendant has submitted evidence (in the form of a declaration) that there is no record of an administrative claim presented by, or on behalf of, Plaintiff. (*See id.* at Ex. A)

The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674. As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency, and be denied by the agency or be deemed to be denied. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the

2

claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. *See* 28 C.F.R. § 14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA. 28 U.S.C. § 2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (internal citation omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Accordingly, where an FTCA lawsuit is filed before the exhaustion process is completed, the Court is compelled to dismiss the action. *See Miller v. United States*, 517 F. App'x 62, 63 (3d Cir. Apr. 8, 2013); *Roma*, 344 F.3d at 362. Moreover, a "[p]laintiff carries the burden of proof to establish presentment of her claim" to the appropriate federal agency. *Medina v. City of Philadelphia*, 219 F. App'x 169, 172 (3d Cir. Jan. 5, 2007). In order to satisfy this burden, "a plaintiff must demonstrate that the appropriate federal agency actually received the claim." *Id.* Presenting a claim requires more than merely mailing the claim. *See Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009).

Plaintiff did not meet her burden to prove exhaustion. Indeed, she did not respond to the motion to dismiss. Nor is there evidence of an administrative claim filed by or on behalf of

Plaintiff. (D.I. 4 at Ex. A) Accordingly, the Court determines that Plaintiff has failed to meet her burden of establishing subject matter jurisdiction as to the FTCA claim and, therefore, will grant Defendant's motion to dismiss for lack of subject matter jurisdiction. (D.I. 4)

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss. An appropriate Order will be entered.